**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

**UNITED STATES OF AMERICA,**

                                          **1:09-CR-00341  (NAM)**

        **vs.**

**CHRISTOPHER DEYOE,**

                **Defendant.**

_____

**APPEARANCES:**                                **OF COUNSEL:**

Andrew T. Baxter                          Richard D. Belliss, Esq.
United States Attorney                    Assistant U.S. Attorney
Northern District of New York
445 Broadway
Albany, New York  12207

Alexander Bunin                            Timothy E. Austin, Esq.
Federal Public Defender                 Assistant Federal Public Defender
39 North Pearl Street
5th Floor
Albany, New York 12207
*Attorney for Defendant*

**Norman A. Mordue, Chief U.S. District Judge:**

### MEMORANDUM DECISION AND ORDER

## I.    INTRODUCTION

Defendant Christopher Deyoe is charged in a one-count indictment with violating 18

U.S.C. § 2250(a).  To wit, the government charged defendant, an individual required to register

under the Sex Offender Registration and Notification Act ("SORNA"), with knowingly traveling

in interstate commerce from the State of New York to the State of Illinois, and knowingly failing

to register as a sex offender in the State of Illinois and knowingly failing to update his registration

in the State of New York.

Presently before the Court is defendant's motion to dismiss the indictment on the following grounds: (1) SORNA is not applicable to defendant because New York and Illinois have not yet implemented the law; (2) to punish defendant for a law that did not yet apply to him would violate the *Ex Post Facto* Clause of the United States Constitution; (3) to punish defendant for violating a law with which he was unable to comply would violate the Due Process Clause of the United States Constitution; (4) the criminal provisions of SORNA (18 U.S.C. § 2250) and the registration requirements of SORNA (42 U.S.C. § 16913) violate the Commerce Clause; (5) the registration requirements of SORNA violate the Tenth Amendment; and (6) SORNA violates the non-delegation doctrine. (Dkt. No. 11)  The government opposes defendant's motion. (Dkt. No. 12).

## II.   FACTS[1]

On July 13, 1996, defendant was convicted of Sexual Misconduct in violation of New York State Penal Law, § 130.20(1) for having sexual intercourse with a 14 year old girl.[2] Defendant was sentenced to time served and six years probation.  Under New York Law, defendant was required to register as a Sex Offender.  On September 5, 2006, defendant completed a New York State Sex Offender Registration Form.  Defendant listed his address as 70 Delaware Avenue, Delmar, New York 12054.  Defendant acknowledged that he read the form and understood his duty to register.  The duties, as listed on the form, included notifying the Division of Criminal Justice Services of any change of address within 10 days before a move and verifying a home address once a year.  On November 30, 2006, defendant completed a New York State Sex

---

[1] The facts recited herein, unless otherwise noted, are undisputed for the purposes of this motion.

[2] N.Y. Penal Law § 130.20(1) provides that: a person is guilty of sexual misconduct when he engages in sexual intercourse with another person without such person's consent.

Offender Change of Address Form and listed his former address as 70 Delaware Avenue and his new address as 103 North College Street, Apt. 38, Schenectady, New York.  The November 2006 Change of Address form was the last Change of Address form signed and filed by defendant.

On April 11, 2009, the Champaign County Sheriff's Office responded to a complaint at a private residence located at 1512 C.R. 2700 North, Apt. #49, Rantoul, Illinois.  According to the Arrest Report, defendant's girlfriend alleged that defendant had been "touching her and attempting to have sex with her without her consent".  During the course of the investigation, the deputy learned that there was a valid Federal Warrant for defendant for Failure to Register as a Sex Offender.  The arrest report indicates that defendant had been living at the Rantoul, Illinois residence since March 2009.[3]  On April 11, 2009, defendant was arrested and charged with Criminal Sexual Abuse and with being a Fugitive From Justice.  As of April 2009, defendant had not registered as a sex offender in the State of Illinois.

The indictment charges defendant with failing to register as a sex offender in the State of Illinois and failing to update his registration in the State of New York between March 2009 and April 11, 2009.

## III.    LEGISLATIVE BACKGROUND

---

[3] This information was confirmed by Deputy U.S. Marshal, Jeffrey Susi.  Marshal Susi submitted an affidavit  in support of the criminal complaint in this matter.  Marshal Susi averred that on March 27, 2009, he attempted to arrest defendant on a bench warrant from the Scotia Village Court for probation violations.  Upon information from the Lloyd Police Department, Marshal Susi and other officers went to an address in Highland, New York to arrest defendant.  Upon arriving at the location, Marshal Susi was advised that defendant no longer resided at that location.   On April 3, 2009, Marshal Susi received information from a confidential source that defendant was living with his girlfriend in Illinois.  Marshal Susi stated that he spoke with an apartment manager for units located at 1512 C.R. 2700 North in Rantoul, Illinois.  The manager advised that defendant signed a 16-month lease agreement for Apt. #49.

Title I of The Adam Walsh Child Protection and Safety Act ("Walsh Act") is comprised of

the Sex Offender Registration and Notification Act ("SORNA").  Pub. L. No. 109-248, §§ 1-155,

120 Stat. 587, 590-611 (2006), codified at 42 U.S.C. §§ 16901-16991.  SORNA was enacted in

July 2006 to "protect the public from sex offenders and offenders against children by establishing

a comprehensive national system for the registration of sex offenders".  42 U.S.C. § 16901.

SORNA established registry requirements for sex offenders and provides, in pertinent part:

> (a) In general
>
> A sex offender shall register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student. For initial registration purposes only, a sex offender shall also register in the jurisdiction in which convicted if such jurisdiction is different from the jurisdiction of residence.
>
> (b) Initial registration
>
> The sex offender shall initially register--
>
>> (1) before completing a sentence of imprisonment with respect to the offense giving rise to the registration requirement; or
>>
>> (2) not later than 3 business days after being sentenced for that offense, if the sex offender is not sentenced to a term of imprisonment.
>
> (c) Keeping the registration current
>
> A sex offender shall, not later than 3 business days after each change of name, residence, employment, or student status, appear in person in at least 1 jurisdiction involved pursuant to subsection (a) of this section and inform that jurisdiction of all changes in the information required for that offender in the sex offender registry. That jurisdiction shall immediately provide that information to all other jurisdictions in which the offender is required to register.

42 U.S.C. § 16913.

Subsection (d) of 42 U.S.C. § 16913 vested the Attorney General with, "the authority to

specify the applicability of the requirements of this subchapter to sex offenders convicted before

July 27, 2006 or its implementation in a particular jurisdiction, and to prescribe rules for the

registration of any such sex offenders and for other categories of sex offenders who are unable to

comply with subsection (b) of this section".  42 U.S.C.§ 16913(d).  The Attorney General was

further directed to develop software to enable jurisdictions to establish and operate uniform sex

offender registries.  42 U.S.C. § 16923.  Each jurisdiction was directed to implement SORNA

before the later of July 27, 2009 or one year after the software was made available.  *See* 42 U.S.C.

§ 16924.

On February 28, 2007, the Attorney General enacted an Interim Rule which applied the

requirements of SORNA to, "all sex offenders, including sex offenders convicted of the offense

for which registration is required prior to the enactment of that Act".  28 C.F.R § 72.3.

SORNA also created criminal penalties for individuals who failed to register.  The

criminal provisions of SORNA were codified at 18 U.S.C. § 2250 and provide, in pertinent part:

(a) In general. Whoever

(1) is required to register under the Sex Offender Registration and Notification Act;

(2)(A) is a sex offender as defined for the purposes of the Sex Offender Registration and Notification Act by reason of a conviction under Federal law (including the Uniform Code of Military Justice), the law of the District of Columbia, Indian tribal law, or the law of any territory or possession of the United States; or (B) travels in interstate or foreign commerce, or enters or leaves, or resides in, Indian country; and

(3) knowingly fails to register or update a registration as required by the Sex Offender Registration and Notification Act; shall be fined under this title or imprisoned not more than 10 years, or both.

18 U.S.C. § 2250(a).

**IV.    DISCUSSION**

Based upon the above statutory language, the court now examines defendant's arguments for dismissal.

## A.     SORNA's Applicability to Defendant

Defendant argues that SORNA is not applicable because New York and Illinois have not yet implemented the law.  Defendant claims that the Attorney General has not yet issued a regulation declaring that SORNA applies to those convicted before the Act is implemented in a particular state.  Defendant further claims that New York and Illinois have no system in place to carry out SORNA's registration and notification requirements and therefore, defendant cannot be subject to SORNA's constraints.  The government contends that under a plain reading of the statute, defendant was clearly a person required to register under SORNA.  Further, the government argues that defendant was able to comply with SORNA in both New York and Illinois since both states have sex offender statutes.

"SORNA's language makes clear that sex offenders have a general obligation to register in their jurisdiction.  There is no mention anywhere in SORNA that the registration obligation does not become effective until the state implements the additional registration requirements of SORNA".  *U.S. v. Contreras*, 2008 WL 5272491, at *6 (W.D. Tex. 2008) (internal citations omitted).  Compliance with the registration requirements of SORNA is possible in states that have yet to implement SORNA by registering through the state's sex offender registry.  *See U.S. v. Van Buren*, 2008 WL 3414012, at *6 (N.D.N.Y. 2008) (internal citations omitted).  In accordance with the relevant state statutes, a convicted sex offender could appear at the relevant law enforcement agency and submit the required information to fulfill his duties under SORNA and avoid criminal action.  *See U.S. v. Fuller*, 2008 WL 2437869, at *2 (N.D.N.Y. 2008) (holding that the defendant

6

presented no evidence that he was impeded from appearing at the relevant law enforcement agency to submit the required information to fulfill his duties under SORNA).

Several courts in this district have rejected the same argument that defendant attempts to advance in this regard.  Specifically, courts have held that, "the fact that states have not yet met their SORNA obligations is irrelevant to the obligations of a sex offender to comply with SORNA".  *U.S. v. Romeo*, 2009 WL 140422, at \*3 (N.D.N.Y. 2009); *see also U.S. v. Lamere*, 2008 WL 5244125, at \*2 (N.D.N.Y. 2008) (citing *U.S. v. Hester*, 2008 WL 351677, at \*2 (N.D.N.Y. 2008)) (holding that whether or not the defendant knew he was in violation of SORNA was irrelevant because New York and Florida had sex offender registries and it was not necessary for the defendant to know precisely which statute he was violating in order to be held liable under the law); *see also Van Buren*, 2008 WL 3414012, at \*6 (holding that whether mandated by New York, North Carolina or SORNA, registration is not optional); *see also U.S. v. Hall*, 577 F.Supp.2d 610, 614 (N.D.N.Y. 2008) (holding that even though New York and Virginia had not implemented SORNA, the defendant had a duty under federal law to maintain his sex offender registration with the states in which he resided).  Contrary to defendant's arguments, the Attorney General adopted an interim regulation, effective February 28, 2007, which provided that SORNA applies to sex offenders whose conviction predates the enactment of SORNA, regardless of whether a jurisdiction has implemented SORNA's requirements.  *Hall*, 577 F.Supp.2d at 615.

Moreover, courts in other circuits have reached similar conclusions.  In recent decisions, the Ninth and Tenth Circuit Court of Appeals cited to a decision from the Eighth Circuit and concluded that, "[t]here is no clear direction from Congress instructing that an individual's obligation to register is dependent on a state's implementation of SORNA".  *U.S. v. George*, 2009

7

WL 2591677, at \*2 (9th Cir. 2009) (citing *U.S. v. May*, 535 F.3d 912, 916-19 (8th Cir. 2008)); *see also U.S. v. Hinckley*, 550 F.3d 926, 630 (10th Cir. 2008) (the court found the reasoning of *May* persuasive and adopted same). The *George* court held that, "without regard to whether SORNA is implemented by Washington or any other state, registration is required" and the defendant violated SORNA when he failed to register as a sex offender after traveling in interstate commerce. *George*, 2009 WL 2591677, at \*2.

In the case at hand, defendant concedes that New York and Illinois have sex offender registries. Therefore, New York and Illinois both have mechanisms under which defendant could have appeared and submitted the required information to fulfill his duties under SORNA. Applying the majority view, the Court finds that the fact that New York and Illinois have yet to update their registries and procedures to conform with SORNA has no bearing on defendant's obligation to register as a sex offender. *See Fuller*, 2008 WL 2437869, at \*3. Certainly, defendant was aware of the registration requirements as he completed a Sex Offender Registration Form in New York and one New York State Sex Offender Change of Address Form. Defendant has not established that he was impeded from registering in either state. Therefore, the Court finds that SORNA applies to defendant and  he may be subject to criminal penalties under 18 U.S.C. § 2250(a).

**B.     *Ex Post Facto* Clause**

Defendant claims that punishing him for a law that was not yet applicable to him violates the *Ex Post Facto* Clause. The government contends that SORNA became applicable to defendant on the day it was enacted, July 27, 2006, and defendant traveled between Illinois and New York after that date. Therefore, the government argues there is no *ex post facto* issue.

8

The constitutional protection against *ex post facto* laws prohibits the punishment of individuals for acts that were legal when performed. *Hall*, 577 F.Supp.2d at 615 (citing *Collins v. Youngblood*, 497 U.S. 37, 42 (1990)). To violate the Clause, a law "must be retrospective, that is, it must apply to events occurring before its enactment" and "must disadvantage the offender affected by it". *U.S. v. Lawrance*, 548 F.3d 1329, 1332 (10th Cir. 2008) (internal citations omitted) (holding that the defendant's *ex post facto* argument failed because the defendant traveled in interstate commerce after July 2006 and failed to register pursuant to the requirements of SORNA).

Defendant's argument has been raised several times by other convicted sex offenders in this district and across the country and has universally been rejected. The courts in this district have held that prosecuting a sex offender under § 2250(a) is not retrospective as SORNA does not punish the individual for previously being convicted of a sex crime. *See Romeo,* 2009 WL 140422, at *3; *see also Lamere*, 2008 WL 5244125, at *2 (citing *May*, 535 F.3d at 919-20); *see also Fuller*, 2008 WL 2437869, at *3 (holding that since SORNA applied to the defendant when he traveled to New York State, it did not have a retroactive effect); *see also Hall*, 577 F.Supp.2d at 615 (holding that the indictment accused the defendant of engaging in conduct that was already illegal prior to the defendant's actions and therefore, the *ex post facto* challenge was rejected); *see also Van Buren*, 2008 WL 3414012, at *7.

In this case, the indictment accuses defendant of engaging in illegal conduct, to wit, traveling in interstate commerce and failing to update his registration, between March 2009 and April 2009. This Court adopts the majority view and finds that because defendant is charged

with violating § 2250(a) for conduct that occurred after SORNA was enacted, there is no *ex post facto* violation.

**C.      Due Process Clause**

Defendant argues that no apparatus existed through which an offender could comply with SORNA.  Thus, defendant contends that criminalizing defendant for the failure to do something that was impossible to do violates the Due Process Clause. The government contends that it was not impossible for defendant to comply with the registration requirements of New York and Illinois.

Due process does not require that a defendant have actual knowledge of a duty to register where the facts demonstrate "proof of probability" that he had knowledge.  *U.S. v. Fuller*, 2008 WL 5600709, at *5 (N.D.N.Y. 2008) (holding that it is enough that the defendant had constructive knowledge of an affirmative duty to register) (citing *Lambert v. California*, 355 U.S. 225, 229-30 (1957)).  Again, district courts within this district have rejected this argument by sex offenders.  *See Hall*, 577 F.Supp.2d at 616 (holding that the defendant, "incorrectly contends that compliance with SORNA is impossible because of a state's failure to implement the statute's requirements" - the defendant could have fulfilled his obligation under SORNA by providing the Virginia and New York registries with the required information); *see also Fuller*, 2008 WL 2437869, at *3 (holding that New York's failure to implement SORNA did not impede the defendant from providing state officials with the required information).

In this case, the record establishes that defendant completed and filed a New York State Sex Offender Form.  Further, defendant completed a New York State Sex Offender Change of Address Form.  Defendant's prior experience with the New York statute demonstrates that he had

knowledge of his duty to register.   Moreover, defendant does not allege that he was impeded

from providing the necessary information to officials in New York or Illinois.  Consequently, had

defendant complied with his registration obligations, he would not have violated SORNA.  *See*

*Lamere*, 2008 WL 5244125, at *3.  Accordingly, defendant's due process rights were not

violated.

**D.      Commerce Clause**

Defendant argues that § 2250 and § 16913 are invalid under the Commerce Clause.

Defendant contends that the criminal provision and registration requirements do not fall into any

of the broad categories of activity that Congress may regulate under its commerce power.

Therefore, as Congress lacked the authority to enact § 2250 and § 16913, the indictment should

be dismissed.

Article I of the Constitution vests Congress with the power to regulate commerce with

foreign nations, several states and with the Indian tribes.  *See* U.S. Const., Art. 1.  In *U.S. v.*

*Lopez*, 514 U.S. 549, 558-59 (1995), the Supreme Court articulated three broad categories of

activity that Congress may regulate under its commerce power:  (1) Congress may regulate the

use of channels of interstate commerce; (2) Congress is empowered to regulate and protect the

instrumentalities of interstate commerce, or persons or things in interstate commerce, even though

the threat may come only from intrastate activities; and (3) Congress' commerce authority

includes the power to regulate those activities having a substantial relation to interstate

commerce, i.e., those activities that substantially affect interstate commerce.  Factors used to

determine whether or not a regulated activity has a substantial effect on interstate commerce

include: (1) whether the statute regulates activity that is economic in nature; (2) whether the

11

statute includes a jurisdictional element; (3) whether there are congressional findings concerning

the effect of the regulated activity upon interstate commerce; and (4) the strength of the nexus

between the regulated activity and the substantial effect upon interstate commerce. *U.S. v.*

*Morrison*, 529 U.S. 598, 610-12 (2000).

### 1.      18 U.S.C. § 2250

Defendant argues that § 2250 does not fall into any of the three broad categories of

activity that Congress may regulate under its commerce power.  Defendant's argument lacks

merit.  Applying *Lopez* to SORNA, courts have held that Congress may regulate "persons or

things in interstate commerce, even though the threat may come only from intrastate activities".

*Hall*, 577 F.Supp.2d at 619 (citing *Lopez*, 514 U.S. at 558). When a sex offender travels from one

state to another, he is an instrumentality of interstate commerce.  *U.S. v. Ambert*, 2009 WL

564577, *8 (11th Cir. 2009); *see also Contreras*, 2008 WL 5272491, at *4 (holding that § 2250(a)

is valid under the Commerce Clause because it regulates persons in interstate commerce).

Circuit courts and district courts have continuously rejected this argument by sex

offenders and have held that § 2250 is constitutional under the Commerce Clause.  *See Ambert*,

2009 WL 564677, at *8 (holding that the use of the channels and instrumentalities of interstate

commerce is necessarily part of the commission of the targeted offense under § 2250); *see also*

*May*, 535 F.3d at 922 (holding that SORNA derives its authority from the first and second prongs

of *Lopez* ); *see also Romeo*, 2009 WL 140422, at *4 (citing *May* and holding that SORNA

contains a sufficient nexus to interstate commerce ); *see also Lamere*, 2008 WL 5244125, at *3-4

(citing *May* and holding that a SORNA satisfies the first two prongs of *Lopez*); *see also Fuller*,

2008 WL 5600709, at *4 (holding that there is a substantial nexus between interstate travel and

failure to register); *see also Van Buren*, 2008 WL 3414012, at \*11 (finding that, "75 federal

courts have addressed the constitutionality of SORNA, and a majority of these cases, all but two,

have addressed Congress' authority to enact the statute under the Commerce Clause"); *see also*

*Hall*, 577 F.Supp. 2d at 619 (holding that Congress may safeguard against conduct that is wholly

intrastate so long as the federal statute extends only to individuals who travel in interstate

commerce).

This Court adopts the majority view and finds that §2250(a) is valid under the Commerce

Clause as it satisfies the *Lopez* test and contains a sufficient nexus to interstate commerce.

## 2.   42 U.S.C. § 16913

Defendant argues that § 16913 requires every sex offender to register, regardless of

whether the offender traveled across state lines.  As such, defendant claims that § 16913 is

unconstitutional as Congress does not have the power to impose registration requirements on

individual citizens convicted of purely intrastate offenses.  The government contends that the

constitutionality of § 16913 should be assessed in connection with § 2250(a) as it functions as an

element of the statute.

In support of his challenge, defendant cites to a case from this district, *U.S. v. Hall*, 577

F.Supp.2d 610 (N.D.N.Y. 2008).[4]  Defendant also cites to *U.S. v. Waybright*, 561 F.Supp.2d 1154

(D.Mont. 2008) and *U.S. v. Myers*, 591 F.Supp.2d 1312 (S.D. Fla. 2008).   However, the lower

---

[4] The government appealed the *Hall* decision.  On September 14, 2009, the Second Circuit heard oral argument in the matter.

court decisions in these cases have been admonished and abrogated by subsequent decisions by

the Circuit Court of Appeals for the Ninth and Eleventh Circuits.[5]

In *Hall*, the court distinguished the jurisdictional elements of § 2250(a) and § 16913 and

noted that § 2250(a) required sex offenders to travel in interstate commerce before being held

criminally liable.  *Hall*, 577 F.Supp.2d at 622.  In contrast, the court noted that § 16913 conferred

a duty upon all sex offenders, regardless of whether they traveled in interstate commerce, to

register or update their sex offender registration within three days of any change of name,

residence, employment or student status.  *Id.* at 620.  The court reasoned that the jurisdictional

element of § 2250(a) did not remove a sex offender's duty under § 16913 to update his

registration.  *Id.*  Applying the *Lopez* test, the court held that § 16913 neither regulated the use of

channels of interstate commerce nor the instrumentalities or persons in interstate commerce.

*Hall*, 577 F.Supp.2d at 620.  With regard to the third prong of *Lopez*, the court held that: (1) §

16913 did not regulate economic activity; (2) § 16913 did not contain a jurisdictional element; (3)

the legislative history of § 16913 was devoid of congressional findings concerning the effect of

the sex offender registration upon interstate commerce; and (4) any effect of continually

registering sex offenders upon interstate commerce was too attenuated to be consider substantial.

*Id*. at 621.  Thus, the court held that § 16913 was not a valid exercise of the Commerce Clause.

*Id.*

Despite the ruling in *Hall*, the majority of courts in this district have addressed the same

argument by convicted sex offenders and have concluded that § 16913 and § 2250(a) are

---

[5] On August 25, 2009, the Ninth Circuit issued a decision in the case of *U.S. v. George*, 2009 WL 2591677, at *6, n. 2 (9th Cir. 2009).  In *George*, the Court stated that, "we disapprove of [the *U.S. v. Waybright*] decision".  The district court holding in *Myers* was abrogated by the Eleventh Circuit holding in *Ambert*. *Ambert*, 561 F.3d at 1202.

14

interrelated components of SORNA and must be read together, not in isolation.  *U.S. v. Nier*, 2009 WL 1076203, at *5 (N.D.N.Y. 2009) (the Court rejects the decisions in *Hall*, *Waybright* and *Myers* as the minority view); *see also Romeo*, 2009 WL 140422, at *4-5 (the Court adopted the "majority view" and held that § 16913 and § 2250(a) must be read together); *see also Fuller*, 2008 WL 5600709, at *5 (considering both statutes together, the Court held that SORNA's registration requirements and penalty provision were valid attempts to regulate "persons" in interstate commerce); *see also Van Buren*, 2008 WL 3414012, at *12 (holding that § 16913 and § 2250(a) were interrelated such that a facial challenge to one part of SORNA cannot be resolved without resort to the totality of the statute and the weight of authority compelled the court to reject the defendant's challenge).

This Court adopts the majority view of the courts in this district and concludes that  §§ 16913 and 2250(a) are interrelated components of a statutory scheme and must be analyzed together.  As stated by Judge Sharpe in *Lamere*, "there is no criminal penalty unless there is failure to register and conversely, failure to register cannot be enforced without a criminal penalty . . . § 2250(a) lacks all meaning without reference to § 16913 and § 16913 lacks all effect without reference to § 2250(a)".  *See Lamere*, 2008 WL 5244125, at *4 (citing *U.S. v. Crum*, 2008 WL 4542408 (W.D. Wash. 2008)).   As such, the Court rejects defendant's argument that § 16913 is unconstitutional under the Commerce Clause.

**E.     Necessary and Proper Clause**

In further support of § 16913, the government argues that § 16913 is a valid use of Congress' power under the Necessary and Proper Clause.  It has long been recognized that Congress has the ability to make all Laws which shall be necessary and proper for the

15

accomplishment of its commerce clause power.  *See* U.S. Const., Art. I.  The law must be deemed

a rational and appropriate means to further Congress' regulation of interstate commerce.  *Ambert*,

2009 WL 564677, at \*3 (citing *U.S. v. Darby*, 312 U.S. 100, 121 (1941)); *see also McCullough v.*

*Maryland*, 17 U.S. 316 (1819) (Chief Justice Marshall concluding that, "[l]et the end be

legitimate, let it be within the scope of the constitution, and all means which are appropriate,

which are plainly adapted to that end, which are not prohibited, but consist with the letter and

spirit of the constitution, are constitutional").  Congress may regulate intrastate activity so long as

the means employed by Congress are "reasonably adapted" to the attainment of a legitimate end

under the commerce power.  *Ambert*, 2009 WL 564677, at \*9 (citing *Darby*, 312 U.S. at 121).

The Court of Appeals for the Fifth, Eighth and Eleventh Circuits addressed the Necessary

and Proper Clause in the context of SORNA.  In *U.S. v. Howell*, 2009 WL 66068, at \*3 (8th Cir.

2009), the Eighth Circuit analyzed § 16913 and noted that, "[s]everal district courts have decided

Commerce Clause challenges" and the "vast majority of them have found § 16913 constitutional".

*Howell*, 2009 WL 66068, at \*3, n. 3.  The Eighth Circuit made note of the district court decisions

in *Hall, Waybright* and *Myers* but found those holdings unpersuasive as those courts failed to

analyze § 16913 under the Necessary and Proper Clause.  *Id.*  The *Howell* court analyzed the

Necessary and Proper Clause and specifically, whether or not SORNA was furthering a legitimate

end under the Commerce Clause.  *Id.* at \*5.  The court noted that under § 2250(a), Congress

limited the enforcement of the registration requirement to only those sex offenders who were

either convicted of a federal sex offense or who moved in interstate commerce.  *Howell*, 2009 WL

66068 at \*5.  Therefore, a wholly intrastate offender would never be reached by federal

enforcement power.  *Id.*  The *Howell* court rejected the reasoning of *Waybright* and held that the

16

language, statutory scheme and legislative history demonstrated that Congress intended to focus

on the interstate movement of sex offenders. *Id.* at \*6.  The court concluded:

> [a] narrow discussion which only analyzes § 16913 under the three categories of *Lopez* casts doubt on the constitutionality of § 16913 (internal citation omitted).  On its face, § 16913 does not have a jurisdictional "hook" to fit under the first two prongs of *Lopez*, and there is little evidence in this record to show intrastate sex offender registration substantially affects interstate commerce (internal citation omitted).  However, an analysis of § 16913 under the broad authority granted to Congress through both the Commerce Clause and the enabling Necessary and Proper Clause reveals the statute is constitutionally authorized.

*Id.* at \*4.

Consequently, the Eighth Circuit held that § 16913 was constitutional under Congress'

authority to use necessary and proper means to further its Commerce Clause power because it "is

a necessary part of a more general regulation of interstate commerce".  *Id.* at \*6.

In *Ambert*, the Eleventh Circuit agreed with the holding in *Howell*.  *Ambert*, 561 F.3d at

1212.  The court stated that, "SORNA was designed to create an interstate system to counteract

the danger posed by sex offenders who slip through the cracks or exploit a weak state registration

system by traveling or moving to another state without registering".  *Id.*   The language of §

16913 focused on the movement of sex offenders across state borders and only contains a federal

enforcement provision against individuals who travel in interstate or foreign commerce and fail to

register.  *Id.*  Therefore, the court held that, "the requirement that sex offenders register under §

16913 is necessary to track those offenders who move from jurisdiction to jurisdiction".  *Id.*

In a recent decision, the Fifth Circuit cited to the decisions in *Howell* and *Ambert* and

concluded that, "the Necessary and Proper Clause provides Congress with the necessary

authority" and rejected the defendant's Commerce Clause challenge.  *U.S. v. Whaley*, 577 F.3d

254, 260 (5th Cir. 2009).

17

The majority of courts in this district have adopted similar reasoning. *See Romeo*, 2009 WL 140422, at \*4-5 (the court adopted the majority view and the holding of *Howell* concluding that § 16913 found support in the Necessary and Proper Clause and noted, "[t]he registration and updating requirements of § 16913 are necessary to make § 2250(a) - a regulation of interstate commerce - effective"); *see also Van Buren*, 2008 WL 3414012, at \*14 (holding that the means chosen - registration and updating - are reasonably adapted to the attainment of a legitimate end under the commerce power).

This Court adopts the majority view and finds that the Necessary and Proper Clause provides support for § 16913 as a reasonable means to accomplish legitimate ends. Specifically, Congressional efforts to monitor sex offenders in interstate travel.

**E.      Tenth Amendment**

Defendant alleges that SORNA's registration requirements are an unconstitutional encroachment of federal power on state sovereignty in violation of the Tenth Amendment. The government contends that defendant has failed to establish an encroachment of federal power upon state sovereignty.

The Tenth Amendment states that, "[t]he powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people". *Fuller*, 2008 WL 5600709, at \* (citing U.S. Const. amend. X). Defendant's argument has been rejected by courts in this district. *See Romeo*, 2009 WL 140422, at \*5 (holding that the defendant was not able to show that SORNA compelled New York or California to make any changes to their state sex offender registries); *see also Hall*, 577 F.Supp.2d at 617 (holding that the defendant could not show that New York or Virginia had made changes to their state sex

18

offender registries in response to SORNA); *see also Lamere*, 2008 WL 5244125, at *4 (holding that the defendant was not able to show that SORNA compelled New York and Washington to make any changes in their registries).

In this case, defendant was required to register and update his registration under New York law.  Defendant has not established that SORNA compelled New York or Illinois to make changes to their registries.  Therefore, defendant's Tenth Amendment challenge must fail.

**F.      Non-Delegation Doctrine**

Defendant argues that SORNA violates the non-delegation doctrine as Congress cannot delegate its legislative authority to the Attorney General.  Congress has the sole authority to legislate and is not permitted to abdicate or to transfer to others the essential legislative functions with which it is vested.  U.S. Const., Art. I, §§ 1,8; *see also Schecter Poultry Corp. v. U.S.*, 295 U.S. 495, 529 (1935).  However, "[t]he non-delegation doctrine does not keep Congress from obtaining the assistance of its coordinate branches; it merely requires Congress to provide clear guidance and delineate the boundaries of delegated authority".  *Waybright*, 561 F.Supp.2d at 1170-71.  "When § 16913 is read as a whole, it is clear that the statute only authorizes the Attorney General to promulgate regulations in a limited number of circumstances".  *See Van Buren*, 2008 WL 3414012, at *15 (citing *Waybright*, 561 F.Supp.2d at 1171).  The Attorney General's authority under § 16913(d) extends only to "those currently unregistered offenders literally unable to comply with (b) because of the age of their convictions. . ." *Fuller*, 2008 WL 5600709, at *6 (internal citations omitted).

Defendant's argument has consistently been rejected by the courts in this district.  *See Romeo*, 2009 WL 140422, at *5; *see also Lamere*, 2008 WL 5244125, at *4; *see also Van Buren*,

19

2008 WL 3414012, at *15; *Fuller*, 2008 WL 2437869, at *6 (holding that since the delegated

authority is very limited in scope, SORNA does not violate the non-delegation doctrine); *see also*

*Hall*, 577 F.Supp.2d at 618.  Moreover, the Eleventh Circuit recently held:

> We are satisfied that Congress has provided the Attorney General with 'intelligible principles' in the Sex Offender Registration and Notification Act.  Congress has undeniably provided the Attorney General with a policy framework in § 16901 to guide his exercise of discretion under § 16913(d); and it has made a series of legislative judgments in §§ 16911, 16913, 16914 and 2250 that constrict the Attorney General's discretion to a narrow and defined category.

*Ambert*, 2009 WL 564677, at *12.

Accordingly, the Court adopts the majority view and finds that SORNA does not violate

the non-delegation doctrine.

## V.    CONCLUSION

For the foregoing reasons it is hereby

**ORDERED** that defendant's motion (Dkt. No. 11) to dismiss the indictment is **DENIED**

in its entirety.

**IT IS SO ORDERED.**

Date:    November 20, 2009

Norman A. Mordue
Chief United States District Court Judge